**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
MICHAEL V. HUGHES, ESQ.
Nevada Bar No. 13154
mhughes@cohenjohnson.com
Suite 100
255 East Warm Springs Road
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Debtor*
*Susan C. Keller*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SUSAN C. KELLER,<br><br>Debtor. | Case No.: 15-13626-MKN<br>Chapter 7<br><br>Hearing Date:  11/12/2015<br>Hearing Time:  2:30 p.m. |

## **OBJECTION TO BANK OF AMERICA'S PROOF OF CLAIM 4**

TO CREDITOR:

Bank of America, N.A.
c/o Nathan F. Smith, Esq.
MALCOLM CISNEROS
608 South 8th Street
Las Vegas, Nevada 89101

Regarding Claim 4, Filed August 7, 2015
Total Secured Claim Arrearages Amount: $2,350.07

  Debtor, Susan C. Keller, by and through her counsel, H. Stan Johnson, Esq. and Michael V. Hughes, Esq. of the law firm of Cohen-Johnson, LLC, hereby respectfully submits this Objection to the Proof of Claim of Bank of America (the "Creditor"). Creditors claim stems from $858.00 in attorney's fees and costs and $1,427.07 in claimed escrow account deficiencies. Rather than revise the Debtor's payments in ordinary course, Creditor has sought to include these

amounts in a chapter 13 plan. The $858.00 in attorney's fees and costs should be denied, with the remaining $1,427.07 budgeted over the life of the loan just as Creditor would have done had the Debtor not filed for bankruptcy relief. In short, the Creditor's proof of claim should be removed from the register.

This Objection is made and based on the points and authorities provided herein, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of this Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BRIEF STATEMENT OF RELEVANT FACTS

1. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 23, 2015.

2. The bankruptcy case was compelled by the fact that GVRA failed to act reasonably in negotiating the repayment of HOA assessments and scheduled a foreclosure sale for June 26, 2015.

3. On August 7, 2015 Creditor filed its claim seeking $2,350.07 in secured arrearages. Docket Claim No. 4.

4. Debtor was not and is not deficient in her mortgage obligations to the creditor.

5. It is reasonable to compel Debtor to account for $2,350.07 in her plan when the Creditor did not have to incur any attorneys fees. This matter could have been resolved easily by notifying the Debtor that her ordinary mortgage payments would have to increase to account for an escrow shortfall; which would have avoided nearly $1,000 in attorney's fees and costs.

6. If the Debtor were not in bankruptcy, she would have simply received a letter notifying her of an increased payment due to the escrow balance, without having incurred the creditor's attorney's fees and costs. Creditor could have submitted a "Notice of Mortgage Payment Change" like they filed with the Court on August 27, 2015. Exhibit 1. Thus, there is no reason why the Debtor by virtue of her bankruptcy should have to account for these increased costs in her plan, especially when she has remained current on the mortgage.

## II.

## LEGAL STANDARD

Section 502(a) of the Bankruptcy Code provides that any proof of claim "is deemed allowed, unless a party in interest ... objects." *Ashford v. Consolidated Pioneer Mortg.* (*In re Consolidated Pioneer Mortg.*), 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) (*citing Whitney v. Dresser*, 200 U.S. 532, 534-35 (1906)). Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time. *In re Consolidated Pioneer Mortg.*, 178 B.R. at 225 (*citing In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992); *In re Kolstad*, 928 F.2d 171, 174 (5th Cir. 1991), *cert. denied*, 502 U.S. 958 (1991)). Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. 11 U.S.C. § 502(b); Fed. R. Bankr. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they

> prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. **But the ultimate burden of persuasion is always on the claimant.** Thus, it may be said that the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

*Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)) [footnotes omitted] [emphasis added]. *See also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); *Spencer v. Pugh* (*In re Pugh*), 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Lundell*, 223 F.3d at 1039 (citations omitted).

Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . ." 11 U.S.C. § 502(b)(1). The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws. *Cavaliere v. Sapir*, 208 B.R. 784, 786-787 (D. Conn. 1997) (providing that "applicable law" includes bankruptcy law). A debtor is therefore allowed to raise any federal or state law defenses to a claim. *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law); *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the

validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

## III.

## LEGAL ARGUMENT

**CREDITOR'S PROOF OF CLAIM MUST BE DISMISSED BECAUSE THE DEBTOR SHOULD NOT HAVE TO INCUR UNDER THE PLAN THE CREDITOR'S DISCRETIONARY AMOUNT DUE.**

Debtor should not be compelled to incur Creditor's attorney's fees, costs and claimed escrow balance in her plan. Creditor was aware that Debtor was current with her mortgage obligations and that there was no need to necessitate this filing. Debtor has not filed any documentation asserting that she abrogating the rights of the Creditor; yet they want to compel the payment of their own fees and costs for filing their proof of claim. Creditor could have simply informed the Debtor that the mortgage payment was going to change, which they have already done in this case. See Exhibit 1. Because the filing of Creditor's proof of claim was not necessary, and forces fees to be paid by Debtor, when she should not have to be compelled to do so, the proof of claim should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

## IV.

## CONCLUSION

Wherefore, Debtor objects to the proof of claim filed by Bank of America and request that it be stricken.

DATED this 30th day of September, 2015.

                COHEN-JOHNSON, LLC

By:   /s/ Michael V. Hughes
       H. STAN JOHNSON, ESQ.
       Nevada Bar No. 00265
       MICHAEL V. HUGHES, ESQ.
       Nevada Bar No. 13154
       Suite 100
       255 East Warm Spring Road
       Las Vegas, Nevada 89119
       *Attorney for Debtor*
       *Susan C. Keller*

**COHEN-JOHNSON, LLC**
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400